FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

05 JUN 27 AM 11: 42

STE... ... ... CLERK
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| Kevin D. **MILLER**<br>431 Ridgemoor Drive, #4<br>Fort Wayne, Indiana 46825, | §<br>§<br>§<br>§ |
| Plaintiff, | §<br>§<br>§ |
| v. | §<br>§ |
| **JAVITCH, BLOCK & RATHBONE, LLP**<br>1300 E. Ninth St., 14th Floor<br>Cleveland, Ohio 44114; and | §<br>§<br>§<br>§ |
| **MELVILLE ACQUISITIONS GROUP, LLC**<br>6851 Jericho Turnpike #190<br>Syosset, New York 11791; | §<br>§<br>§<br>§ |
| Defendants. | §<br>§<br>§ |

1 : 05 CV 0211   **TLS**

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. Introduction

Comes now the plaintiff, Kevin D. Miller ("Miller"), pro se, and would assert the instant action against the above-captioned defendants for claims of malicious prosecution, invasion of privacy, and various breaches of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., which expressly prohibits debt collectors from engaging in deceptive, unfair and unreasonable debt collection practices. Miller seeks actual damages, punitive damages, costs, and attorney fees if he deems it necessary to retain legal counsel. Miller would further seek statutory damages as provided by section 1692k of the Act.

1

## II. Jurisdiction and Venue

1. Statutory jurisdiction exists pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction over Miller's state law claims, Counts XVIII and XIX, is proper pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper pursuant to 28 U.S.C. § 1391 because the conduct giving rise to this action occurred in this judicial district.

## III. Parties

3. Miller is a private citizen and resident of the City of Fort Wayne, the County of Allen, in the State of Indiana. Miller is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3) who may or may not have been obligated to pay a debt which, if incurred, was primarily for household, family and personal purposes.

4. The defendant Javitch, Block, and Rathbone, LLP ("JB&R") is a law firm with offices in Ohio and Indiana. Upon information and belief, JB&R is a law firm regularly engaged in the practice of collecting debts allegedly due and owing to others.

5. Upon information and belief, the defendant Melville Acquisitions Group, LLC ("Melville") is incorporated and maintains its principal place of business in the state of New York. Upon further information and belief, Melville attempts to collect distressed, defaulted and delinquent consumer debts which it purchases in bulk and at a discount from prior creditors.

6. For the purposes of this action, JB&R and Melville (collectively, "the defendants") are "debt collector[s]" as defined at 15 U.S.C. § 1692a(6).

## IV. **Factual Allegations**

7.  On or about November 26, 2004, John Frank ("Frank"), an attorney-employee of
    JB&R, sent to Miller a dunning letter, attached as Exhibit 1. In the letter, Frank stated
    that his firm, JB&R, had been "retained by" Melville to collect a debt allegedly owed
    by Miller to Melville in the amount of $5,368.77. Upon information and belief, at all
    times pertinent, Frank's actions occurred while in the employment of JB&R and while
    representing Melville.

8.  On or about February 4, 2005, Christopher Cassidy ("Cassidy"), an attorney-
    employee of JB&R, caused a civil action, cause number 02D01-0502-CC-134, to be
    initiated against Miller in the Allen County Superior Court on behalf of Melville.
    Upon information and belief, at all times pertinent, Cassidy's actions occurred while
    in the employment of JB&R and while representing Melville. Exhibits 2 and 3 are
    copies of the complaint and summons that Cassidy filed on behalf of Melville.

9.  To provide "evidence" of the debt, Cassidy attached to the complaint a copy of an
    "affidavit" by an employee of Melville which stated that (s)he was "familiar with" the
    debt.

10. Melville's complaint alleged that Miller had entered into a contract for the extension
    of credit on a "visa" account. The complaint, however, did not include a copy of the
    contract as required by Indiana Trial Rule 9.2.

11. The complaint alleged that as a result of a breach of the alleged contract, Miller
    owed to Melville $5,385.69. The complaint, however, included no accounting of
    payments made or not made by Miller.

3

12. Miller was forced to defend against the lawsuit or risk default judgment. Accordingly, on or about March 4, 2005, Miller filed an appearance, pro se, and an answer to Melville's complaint. Exhibits 4 and 5.

13. In his answer, Miller denied owing any amount to Melville on an unnumbered "visa" account. Miller further asserted that if a debt was due and owing to Melville on an unnumbered "visa" account, any lawsuit filed to collect on the debt was filed outside any applicable statute of limitations. Finally, pursuant to Indiana Trial Rule 12(b)(6), Miller moved to dismiss the action for failure to state a claim upon which relief could be granted.

14. The defendants requested, and was granted, a 30-day extension of time to respond to Miller's motion to dismiss. Exhibits 6 and 7.

15. During the extension period, the defendants adduced no evidence to justify the lawsuit. Specifically:

    a. the defendants adduced no contract;

    b. the defendants adduced no accounting to demonstrate that a debt had accrued in the amount of $5,385.69 on the alleged contract;

    c. the defendants adduced no evidence which would demonstrate that if a debt in the amount of $5,385.69 did exist, that such debt had been assigned to Melville; and

    d. the defendants adduced no evidence that the alleged debt was judicially enforceable.

16.  Upon information and belief, the defendants possessed no evidence to justify the lawsuit. Specifically:

    a.   the defendants possessed no contract;

    b.  the defendants possessed no accounting to demonstrate that a debt had accrued in the amount of $5,385.69 on the alleged contract;

    c.  the defendants possessed no evidence which would demonstrate that if a debt in the amount of $5,385.69 did exist, that such debt had been assigned to Melville; and

    d.  the defendants possessed no evidence which would demonstrate that the alleged debt was judicially enforceable.

17.  On or about May 24, 2005, the defendants requested that the action be dismissed "without prejudice." Exhibit 8.

18.  The Allen County Superior Court, Avery, J., dismissed the action on June 7, 2005. Exhibit 9.

19.  As a direct and proximate result of the above conduct, Miller has been injured in that he has suffered mental anguish and suffering, embarrassment, humiliation and the inconvenience of having to defend against the defendants' groundless litigation.

## V.   Causes of Action

20.  The allegations of all other paragraphs and claims in this pleading are incorporated into each of the following causes of action as if fully set forth therein.

21.  Without limiting the scope of liability, the defendants' conduct constituted and satisfied the following theories of liability:

## First Cause of Action
## Violation of the FDCPA, 15 U.S.C. § 1692d

22. Miller owed no judicially enforceable debt in the amount $5,385.69 to Melville.

23. The defendants knew, or should have known, that Miller owed no judicially enforceable debt to Melville in the amount of $5,385.69.

24. Nevertheless, the defendants initiated a civil action against Miller in the Allen County Superior Court to enforce the alleged debt.

25. The natural consequence of this conduct was the harassment, oppression, or abuse of Miller.

## Second Cause of Action
## Violation of the FDCPA, 15 U.S.C. § 1692d

26. Miller owed no judicially enforceable debt in the amount $5,385.69 to Melville.

27. The defendants knew, or should have known, that Miller owed no judicially enforceable debt to Melville in the amount of $5,385.69.

28. Nevertheless, the defendants initiated a civil action against Miller in the Allen County Superior Court to enforce the alleged debt, rendering the alleged debt a matter of public record.

29. In filing the lawsuit, the defendants effectively published Miller's name to the general public as a consumer who refuses to pay his debts.

30. The natural consequence of publishing Miller's name to the public as a person who refuses to pay his debts constituted harassment, oppression, or abuse of Miller.

**Third Cause of Action**
**Violation of the FDCPA, 15 U.S.C. § 1692e(2)(A)**

31. In its demand letter, <u>Exhibit 1</u>, the defendants falsely represented that Miller owed to Melville a debt in the amount of $5,368.77.

**Fourth Cause of Action**
**Violation of the FDCPA, 15 U.S.C. § 1692e(2)(A)**

32. In its demand letter, <u>Exhibit 1</u>, the defendants stated that the law firm JB&R had been "retained by" Melville to enforce an alleged debt.

33. That conduct falsely represented the legal status of the alleged debt by implying that the debt was judicially enforceable.

**Fiftth Cause of Action**
**Violation of the FDCPA, 15 U.S.C. § 1692e(2)(A)**

34. In its complaint which was filed in the Allen County Superior Court, <u>Exhibit 2</u>, the defendants falsely represented that Miller owed to Melville a debt in the amount of $5,385.69.

**Sixth Cause of Action**
**Violation of the FDCPA, 15 U.S.C. § 1692e(2)(A)**

35. By initiating a legal action against Miller in the Allen County Superior Court to enforce a debt allegedly owed to Melville in the amount of $5,385.69, the defendants falsely represented the legal status of the debt by misrepresenting that the debt was judicially enforceable.

### Seventh Cause of Action
### Violation of the FDCPA, 15 U.S.C. § 1692e(2)(A)

36.  Miller owed no judicially enforceable debt in the amount $5,385.69 to Melville.

37.  By initiating a legal action against Miller to enforce a judicially unenforceable debt, the defendants took action that it could not legally take.

### Eighth Cause of Action
### Violation of the FDCPA, 15 U.S.C. § 1692e(8)

38.  The defendants initiated a legal action against Miller to enforce a debt allegedly owed to Melville in the amount of $5,385.69.

39.  The defendants possessed no verifiable evidence of the truth of the claim that a debt was owed to Melville.

40.  This conduct constituted a communication of false credit information concerning Miller to the Allen County Superior Court and the public of Allen County.

### Ninth Cause of Action
### Violation of the FDCPA, 15 U.S.C. § 1692e(8)

41.  The defendants initiated a legal action against Miller to enforce a judicially unenforceable debt allegedly owed to Melville in the amount of $5,385.69.

42.  The defendants possessed no evidence of the truth of the implication and claim that the debt was judicially enforceable.

43.  This conduct constituted a false communication to the Allen County Superior Court and the public of Allen County that the alleged debt was judicially enforceable.

8

### Tenth Cause of Action
### Violation of the FDCPA, 15 U.S.C. § 1692e(10)

44.  The defendants misrepresented in their demand letter, Exhibit 1, that Miller owed to Melville a debt of $5,368.77 when no such debt was due and owing.

45.  That conduct constituted a false representation and a deceptive means to attempt to collect a debt.

### Eleventh Cause of Action
### Violation of the FDCPA, 15 U.S.C. § 1692e(10)

46.  By stating that the law firm JB&R had been "retained by" Melville, the defendants, in their demand letter, Exhibit 1, falsely implied that a debt allegedly owed by Miller to Melville in the amount of $5,368.77 was judicially enforceable when it was not.

47.  That conduct constituted a deceptive means to attempt to collect a debt.

### Twelfth Cause of Action
### Violation of the FDCPA, 15 U.S.C. § 1692e(10)

48.  The defendants initiated a lawsuit to enforce a debt allegedly owed by Miller to Melville in the amount of $5,385.69 when no such debt was owed.

49.  That conduct constituted a false representation and a deceptive means to attempt to collect a debt.

### Thirteenth Cause of Action
### Violation of the FDCPA, 15 U.S.C. § 1692e(10)

50.  The defendants initiated a lawsuit to enforce a debt allegedly owed by Miller to Melville in the amount of $5,385.69 when no such debt was judicially enforceable.

51.   That conduct constituted the false representation of the legal status of the alleged

debt, and a deceptive means to attempt to collect a debt.

### Fourteenth Cause of Action
### Violation of the FDCPA, 15 U.S.C. § 1692f

52.   By stating in their demand letter, <u>Exhibit 1</u>, that the law firm JB&R had been

"retained by" Melville, the defendants threatened to initiate a lawsuit to enforce a

debt that Miller allegedly owed to Melville in the amount of $5,368.77.

53.   The debt was judicially unenforceable.

54.   The defendants conduct of threatening to initiate a lawsuit to enforce a judicially

unenforceable debt constituted an unfair or unconscionable means to collect a

debt.

### Fifteenth Cause of Action
### Violation of the FDCPA, 15 U.S.C. § 1692f

55.   The defendants initiated a lawsuit to enforce a debt allegedly owed by Miller to

Melville in the amount of $5,385.69.

56.   The debt was judicially unenforceable.

57.   The conduct of initiating a lawsuit to enforce a judicially unenforceable debt

constituted an unfair or unconscionable means to collect a debt.

### Sixteenth Cause of Action
### Violation of the FDCPA, 15 U.S.C. § 1692f(1)

58.   The defendants sent a demand letter to Miller in an attempt to collect an alleged debt

of $5,385.69.

59.  The amount sought to be enforced was an amount not expressly authorized by or created under any agreement.

### Seventeenth Cause of Action
### Violation of the FDCPA, 15 U.S.C. § 1692f(1)

60.  The defendants initiated a lawsuit against Miller in an attempt to collect an alleged debt of $5,385.69.

61.  The amount sought to be enforced by judicial action was an amount not expressly authorized by or created under any agreement.

### Eighteenth Cause of Action
### Malicious Prosecution

62.  The defendants improperly subjected Miller to legal process in that the defendants caused a civil action to be instituted against Miller in the complete absence of probable cause.   The defendants knew that the lawsuit against Miller was groundless.   Alternatively, the defendants possessed no verifiable evidence sufficient to subject Miller to legal process.  The lawsuit was dismissed.

### Nineteenth Cause of Action
### Invasion of Privacy (False Light Publicity)

63.  In causing a baseless civil action to be initiated against Miller, the defendants filed with the Allen County Superior Court, and made a matter of public record, their false allegations that Miller owed a judicially enforceable delinquent debt to Melville on a "visa" account in the amount of $5,385.69.

## VI. Prayer

WHEREFORE, judgment is demanded against the defendants according to the allegations above and as deemed proper and lawful by the Court to include:

A. Actual damages as provided by 15 U.S.C. § 1692k(a)(1) in the amount of $75,000.00 for mental anguish and suffering, embarrassment and humiliation which is the natural result of the defendants' conduct.

B. Statutory damages against the defendants in the amount of $1,000.00 as provided by 15 U.S.C. § 1692k(a)(2)(A);

C. For malicious prosecution, compensatory damages in the amount of $75,000.00 for the mental anguish, embarrassment, humiliation, indignity and inconvenience suffered by defending against groundless litigation.

D. Punitive damages for malicious prosecution sufficient to deter the defendants from engaging in similar conduct in the future.

E. For invasion of privacy, compensatory damages in the amount of $75,000.00 for the mental anguish, embarrassment, indignity and humiliation suffered due to the publication of false information concerning Miller's personal affairs.

F. Punitive damages for invasion of privacy sufficient to deter the defendants from engaging in similar conduct in the future.

G. Costs and expenses of pressing this action, plus any and all other legal and equitable relief deemed necessary and just, including reasonable attorney fees if Miller finds it necessary to retain legal counsel.

H. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,


Kevin D. Miller
Plaintiff, pro se
431 Ridgemoor Drive, #4
Fort Wayne, Indiana 46825
(317) 450-0611


## DEMAND FOR JURY TRIAL

Miller demands trial by jury of all issues so triable in this action.


Kevin D. Miller

13